**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiffs
ROBERT AUGUSTINE, individually and as successor in interest to
LOGAN  AUGUSTINE, Deceased; TIFFANY AUGUSTINE, individually
and as successor in interest to LOGAN AUGUSTINE, Deceased

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT AUGUSTINE, individually and as successor in interest to LOGAN AUGUSTINE, Deceased; TIFFANY AUGUSTINE, individually and as successor in interest to LOGAN AUGUSTINE, Deceased, | NO. |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE LAW** |
| vs. | **JURY TRIAL DEMANDED** |
| COUNTY OF SACRAMENTO;  JAMES SCHAEFERS; JOSEPH CAMPOY; and DOES 1 through 5, inclusive, | |
| Defendants. | |
| _____/ | |

Plaintiffs complain and allege as follows:

**I. INTRODUCTION**

1.      This civil rights action is brought by the parents of Logan Augustine (hereinafter "Logan"), who was shot with a less lethal round fired by Deputy Campoy and then fatally shot by Sergeant Schaefers on November 24, 2016, in Sacramento County. Plaintiffs seek to recover for their losses suffered as a result of defendants' actions, including compensation for nominal damages, for Logan's pain and suffering and for their

1   own losses, as well as punitive or exemplary damages against the individual non-entity

2   defendants as allowed by law.

3   **II.  JURISDICTION**

4   2.      This Complaint seeks damages pursuant to Title 42 U.S.C. sections 1983

5   and 1988 for the violation of the civil rights of the decedent and plaintiffs and for violations

6   of California State Law arising from the wrongful death of Logan, who was shot and killed

7   by Sergeant James Schaefers of the Sacramento County Sheriff's Department.  Jurisdiction

8   is founded upon Title 28 U.S.C. sections 1331 and 1343.  This Court has supplemental

9   jurisdiction over the alleged state law claims pursuant to 28 U.S.C. section 1367.

10   **III.   VENUE**

11   3.      Plaintiffs' claims alleged herein arose in the County of Sacramento,

12   California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C.

13   section 1391(b)(2).

14   **IV. PARTIES**

15   4.      Plaintiff Robert Augustine is the father of decedent Logan. He is a United

16   States citizen and a resident of the County of Sacramento.

17   5.      Plaintiff Tiffany Augustine is the mother of decedent Logan.  She is a

18   United States citizen and a resident of the County of Sacramento.

19   6.      Plaintiffs Robert Augustine and Tiffany Augustine are bringing this action

20   pursuant to California Code of Civil Procedure §§377.20 et seq. and 377.60 which provide

21   for survival and wrongful death actions.  Plaintiffs also are bringing claims on behalf of

22   their deceased son under 42 U.S.C. §§1983 and 1988, for violations of the United States

23   Constitution and federal civil rights law.

24   7.      The declaration required under California Code of Civil Procedure § 377.32

25   for persons bringing an action as a decedent's successor in interest is Attachment 1 to this

26   Complaint.

27   8.      Defendant James Schaefers was employed by the County of Sacramento

28   Sheriff's Department as a deputy sheriff with the rank of Sergeant. At all times relevant he

1    was acting within the course and scope of that employment and under color of state law.

2    Schaefers is being sued in his individual capacity.

3        9.      Defendant Joseph Campoy was employed by the County of Sacramento

4    Sheriff's Department as a deputy sheriff. At all times relevant he was acting within the

5    course and scope of that employment and under color of state law. Campoy is being sued in

6    his individual capacity.

7        10.     Defendant County of Sacramento is a political subdivision of the State of

8    California, created and existing by virtue of the laws of the State of California.  Defendant

9    County of Sacramento operates and manages the Sacramento County Sheriff's Department.

10       11.     The true names and identities of defendants Does 1 to 5 are presently

11   unknown to Plaintiffs.  Plaintiffs allege on information and belief that each of defendant

12   Does 1 to 5 was a supervisor employed by the Sheriff's Department at the time of the

13   conduct alleged who had individual responsibility for the training, supervision and

14   discipline of employees, including Sergeant Schaefers.  Plaintiffs assert that the failure to

15   properly train, supervise and discipline officers, including Sergeant Schaefers, was a cause

16   in fact of the injuries alleged herein.  Plaintiffs will seek to amend this complaint as soon as

17   the true names and identities of defendant Does 1 through 5 have been ascertained.

18       **V.  EXHAUSTION OF PRE-LAWSUIT PROCEDURES**

19       12.     Plaintiffs filed timely governmental tort claims with the County of

20   Sacramento as a pre-requisite to the state law claims alleged herein.

21       13.     Robert Augustine's claim was filed on April 7, 2017, and has been

22   acknowledged but not acted upon by the County of Sacramento. As more than 45 days have

23   passed since the filing of the claim, that claim may be deemed rejected by operation of law.

24   Tiffany Augustine's claim was rejected by the County of Sacramento on June 14, 2017.

25       **VI.  FACTUAL ALLEGATIONS**

26       14.     Logan was a troubled young man who lived with his father in West

27   Sacramento at the time of his death. Although his parents had been separated for many

28   years, Logan remained very close with his mother and considered his dad a best friend.

Complaint for Violation of Civil Rights and State Law

15.     Logan was a 17-year-old senior in high school when he died. He struggled in school as a result of learning disabilities but at the time of his death was starting to do a little better in school and was expected to finish high school. Logan's maturity was more like that of a child than that of an adult. He may at one time have had a bi-polar diagnosis.

16.     On November 24, 2016, Logan and his father were driving to a relative's home for Thanksgiving. Logan was acting strangely but had not expressed any suicidal thoughts or articulated what was bothering him.

17.     While the car was stopped at the intersection of Marconi and Walnut, Logan got out of the passenger's side of his father's pick-up truck and walked to a nearby 7-11 store.

18.     In the store, Logan was disjointed and appeared disoriented. He made several odd statements. He apparently called 911 several times on his cell phone.

19.     Sergeant Schaefers was the first officer to respond to the scene. It was immediately clear to Schaefers that Logan was mentally distraught and not actively engaged in criminal activity.

20.     Sergeant Schaefers summoned additional officers and requested a less lethal weapon be brought to the scene.

21.     Four additional deputies arrived including Deputy Campoy who arrived with a long weapon which fired large caliber, non-penetrating rounds.  Things did not go well after Schaefers and the additional deputies contacted Logan inside the 7-11 store.

22.     According to the deputies, Logan became more agitated. Logan did not have a firearm.

23.     The deputies cornered Logan in the back of the store at which point he took out a pocket knife and held it up towards his throat.

24.     Campoy fired a non-penetrating round at him using the less lethal weapon which struck Logan. Logan turned slightly, stunned.

25.     Even though Logan did not pose a risk of harm to the deputies or to any other person at that time, Sergeant Schaefers then fired one shot from his 9 mm semi-automatic handgun, striking Logan and killing him.

26.     Plaintiffs believe and allege that the Sacramento County Sheriff's Department has a history of unnecessary and fatal encounters with individuals who are mentally ill and/or in the throes of a mental health crisis. Due to a lack of training, the Sheriff's Department has responded poorly to a substantial number of incidents involving mentally ill individuals. Rather than diffusing these incidents, they have frequently and tragically engaged in a course of conduct that escalates the situation. On numerous occasions, the situation has culminated in the shooting of the mentally ill individual whom they had been called to protect.

27.     On this basis, plaintiffs believe and allege the death of their son was the result of deficient training and supervision and unconstitutional policies, practices and customs at the Sacramento County Sheriff's Department regarding interactions with individuals who are mentally ill or in the throes of a mental health crisis and the use of force. The Sheriff's Department training was totally inadequate to prepare officers to use proper tactics and techniques in addressing the problems presented by a person going through a mental health crisis. Furthermore, their training regarding the use of force and less deadly force in those situations is also totally inadequate.

28.     As a result of the defendants' conduct alleged herein, including the practices, policies and inadequate training and supervision in responding appropriately to citizens with diagnosed mental illnesses and/or those who are in the throes of a mental health crisis, Logan was killed.

29.     As Logan's successors in interest, plaintiffs are entitled to damages for Logan's conscious pain and suffering, as well as for his loss of life and loss of enjoyment of life.

30.     In addition, plaintiffs have suffered and seek damages for the loss of their familial relationships with Logan, including loss of love, companionship, comfort, affection, society, solace and moral support.

31.     Plaintiffs also seek compensation for damages sustained directly from Logan's death, including funeral and burial expenses.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Unreasonable Seizure/ Excessive Force**
**(42 U.S.C. section 1983)**
*Against Defendants Schaefers and Campoy*

32.     Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 31, as though fully set forth herein.

33.     Defendants Campoy and Schaefers' actions alleged herein, including but not limited to, shooting with less lethal and lethal rounds at Logan in the manner set forth, were unreasonable and excessive uses of force. That conduct violated Logan's rights protected by the Fourth Amendment of the United States Constitution.

34.     As a direct and proximate result of said acts and/or omissions by defendants, Logan suffered injuries and damages as alleged herein.

35.     The aforementioned acts and/or omissions of said defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages according to proof against the individual non-entity defendants.

### SECOND CLAIM FOR RELIEF
**"Bane Act"**
**(California Civil Code Section 52.1, et seq.)**
*Against Defendants Schaefers, Campoy, and County of Sacramento*

36.     Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 35, as though fully set forth herein.

37.     Defendants Schaefers and Campoy's  actions as alleged herein, including but not limited to shooting Logan in the manner set forth, were intentional, unreasonable and

Complaint for Violation of Civil Rights and State Law

6

excessive uses of force that violated rights protected by the California State Constitution, including the rights to be free of unreasonable search and seizures. Defendants conduct is therefore actionable under California Civil Code Section 52.1, et seq., the "Bane Act."

38.     As a direct and proximate result of said acts and/or omissions by said defendants, plaintiffs suffered injuries and as alleged herein.

39.     The aforementioned acts and/or omissions of said defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages according to proof against the individual non-entity defendants.

40.     Defendant County of Sacramento is liable for the wrongful acts of Defendants Schaefers and Campoy pursuant to California Government Code section 815.2, subdivision (a), which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

### THIRD CLAIM FOR RELIEF
**Negligence/Wrongful Death**
**(California State Common Law)**
*Against Defendants Schaefers, Campoy and County of Sacramento*

41.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40, as though fully set forth herein.

42.     Defendants Schaefers and Campoy owed plaintiffs and the decedent a duty of care. Specifically, defendants had a duty to act with reasonable care, including by using appropriate tactics, giving appropriate commands and warnings, refraining from using unreasonable force, refraining from using improper  pre-shooting tactics, failure to appropriately deal  with a person in the throes of a mental health emergency, uses of force and procedures that violate generally accepted law enforcement standards, and the duty of care to which a citizen is entitled, Defendants breached their duties, proximately causing injuries and damages to the decedent and plaintiffs as alleged herein. As a direct and

Complaint for Violation of Civil Rights and State Law

7

foreseeable result of Defendants Schaefers' and Campoy's negligent acts or omissions, the decedent and plaintiffs suffered injuries and damages as alleged herein.

43.     Defendants' conduct was carried out with malice and a willful and conscious disregard for the rights and safety of the decedent and plaintiffs.

44.     Defendant County of Sacramento is liable for the wrongful acts of Defendants Schaefers and Campoy pursuant to California Government code section 815.2, subdivision (a), which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

**FOURTH CLAIM FOR RELIEF**
**Battery / Wrongful Death**
**(California State Common Law)**
*Against Defendants Schaefers, Campoy and County of Sacramento*

45.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 44, as though fully set forth herein.

46.     The conduct of Defendants Schaefers and Campoy in using the unreasonable and excessive force as alleged herein was wrongful, intentional and unwelcome bodily contact, constituting battery.

47.     As a direct and proximate result of said acts and/or omissions by said defendants, the decedent and plaintiffs suffered the injuries alleged herein, entitling them to damages for wrongful death and loss of life and enjoyment of life.

48.     The aforementioned acts and/or omissions of said individual defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages according to proof against the individual non-entity defendants.

49.     Defendant County of Sacramento is liable for the wrongful acts of Defendants Schaefers and Campoy pursuant to California Government code section 815.2, subdivision (a), which provides that a public entity is liable for the injuries caused by its

employees within the scope of employment if the employee's act would subject him or her to liability.

### FIFTH CLAIM FOR RELIEF
**Municipal Liability - Ratification**
**(42 U.S.C. § 1983)**
*Against Defendant County of Sacramento*

50.     Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 49, as though fully set forth herein.

51.     The conduct of Defendants Schaefers and Campoy deprived the decedent and plaintiffs of their particular rights under the United States Constitution.

52.     The details of the incident as alleged herein became known to authorized policy makers within the County of Sacramento such that the County and its authorized policy makers had actual or constructive knowledge that the uses of force and surrounding circumstances were not justified and constituted unlawful conduct and unconstitutional uses of unreasonable, excessive and deadly force.

53.     Notwithstanding such knowledge, Defendant County of Sacramento specifically approved, tolerated and/or ratified the officers' conduct by determining the uses of force were reasonable, justified and within policy. Defendant County of Sacramento made a deliberate choice to endorse the conduct and tactics used by the officers and, by doing so, have ratified their unconstitutional acts.

54.     Defendant County of Sacramento acted with an intentional, reckless and callous disregard to the constitutional rights of Logan and thereby directly and proximately caused the injuries and damages suffered by plaintiffs as alleged herein.

55.     The conduct of Defendant County of Sacramento was willful, wanton, oppressive, malicious, fraudulent and extremely offensive and unconscionable to any person of normal sensibilities, entitling plaintiffs to an award of punitive damages according to proof against the individual non-entity defendants.

///

///

///

Complaint for Violation of Civil Rights and State Law

9

**SIXTH CLAIM FOR RELIEF**
**Municipal Liability – Failure to Train and/or Supervise**
**(42 U.S.C. § 1983)**
*Against Defendants County of Sacramento and Does 1-5*

56.     Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 55, as though fully set forth herein.

57.     The conduct of Defendants Schaefers and Campoy deprived Logan of particular rights under the United States Constitution.

58.     Defendant County of Sacramento failed to properly and adequately train and/or supervise defendants regarding the use of physical force, less than lethal force and lethal force.

59.     Defendant County of Sacramento was deliberately indifferent to the obvious consequences of its failure to adequately train and/or failure to adequately supervise officers.

60.     The failure of the County of Sacramento to provide adequate training and/or supervision caused the deprivation of Logan's rights by defendants and is so closely related to the deprivation of rights as to be the moving force that caused the ultimate injuries.

61.     The County of Sacramento acted with intentional, reckless and callous disregard to the constitutional rights of Logan and thereby directly and proximately caused the injuries and damages suffered by plaintiffs as alleged herein.

**SEVENTH CLAIM FOR RELIEF**
**Substantive Due Process – Loss of Family Relationships**
**(42 U.S.C. § 1983)**
*Against Defendants Schaefers and Campoy)*

62.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 61, as though fully set forth herein.

63.     The conduct of Defendants Schaefers and Campoy as alleged herein, including but not limited to unreasonably and unlawfully shooting Logan, caused his untimely and wrongful death and deprived the plaintiffs of their liberty interests in a family

relationship with him, in violation of their substantive due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

64.     As a direct and proximate result of said acts and/or omissions by said defendants, decedent suffered injuries and damages (or nominal damages) as alleged herein.

65.     The aforementioned acts/and or omissions of said defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages according to proof against the individual non-entity defendants.

66.     The officers had sufficient time and opportunity to plan and reflect upon their course of action which was undertaken with deliberate indifference.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for the following relief:

1.     For compensatory, nominal, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2.     For punitive and exemplary damages against each non-governmental defendant in an amount appropriate to punish that defendant and deter others from engaging in similar misconduct, as allowed by law;

3.     For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper; and

4.     For costs of suit and costs and reasonable attorneys' fees pursuant to 42
          U.S.C. section 1988 and as otherwise authorized by statute or law.


Dated: December 12, 2017                                    Respectfully submitted,


                                                            /s/ Stewart Katz
                                                            STEWART KATZ,
                                                            Attorney for Plaintiffs


Complaint for Violation of Civil Rights and State Law

1

## **DEMAND FOR TRIAL BY JURY**

2

     Plaintiffs hereby demand trial by jury.

3

4

Dated: December 12, 2017

                       /s/ Stewart Katz
                       STEWART KATZ,

5

                       Attorney for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Violation of Civil Rights and State Law